**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4376**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON CHRISHON POLK,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:21-cr-00157-TDS-1)

───────────────

Submitted: August 31, 2022                    Decided: September 15, 2022

───────────────

Before DIAZ and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Chrishon Polk pled guilty pursuant to a plea agreement to using a cellular telephone to facilitate the distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 843(b).   The district court calculated Polk's advisory prison sentence under the U.S. Sentencing Guidelines Manual (2018) at 96 months and sentenced Polk to 96 months' imprisonment and three years of supervised release.

On appeal, Polk's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in imposing a 96-month prison term rather than the 90-month term the defense requested.   Polk filed pro se supplemental briefs in which he questions whether the prosecution engaged in misconduct and whether his trial attorney rendered ineffective assistance.   The Government declined to file a brief and does not seek to enforce the appeal waiver in Polk's plea agreement.[1]   We affirm.

As to Polk's prison sentence, this court "reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up), for procedural and substantive reasonableness, *United States v. Fowler*,

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and Polk and conduct an independent review of the record pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

948 F.3d 663, 668 (4th Cir. 2020).[2]  In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines sentence, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Id.*  When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review.  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  If there are no procedural errors, this court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors.  *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

---

[2] Citing *United States v. Porter*, 909 F.2d 789 (4th Cir. 1990), counsel asserts that this court will not overturn a district court's refusal to vary downward and impose a sentence below the Guidelines sentence.  This court rejected that argument in *United States v. Montes-Pineda*, 445 F.3d 375, 377-78 (4th Cir. 2006).

After review of the record, we conclude that the district court did not reversibly err in calculating Polk's Guidelines sentence.  The district court also afforded counsel an adequate opportunity to argue for an appropriate sentence and properly heard allocution from Polk.  After considering these arguments and Polk's allocution, the advisory Guidelines sentence, and the 18 U.S.C. § 3553(a) factors, the district court declined to impose a 90-month prison term and determined that a 96-month prison term was warranted based on the nature and circumstances of Polk's offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of Polk's offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(C).  The district court's explanation was sufficient to support the imposition of this term, and Polk does not overcome the presumption of reasonableness afforded to it.  We thus discern no abuse of discretion in the district court's imposition of the 96-month prison term.

Turning to Polk's claims of prosecutorial misconduct raised in his pro se briefs, we review them for plain error because Polk did not raise claims of prosecutorial misconduct in the district court.  *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).  To succeed on a claim of prosecutorial misconduct, the defendant bears the burden of showing that the prosecution engaged in misconduct and that such conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *Id.* We have reviewed the record and find no improper conduct on the part of the prosecution that prejudiced Polk.  We thus discern no plain error in this regard.

4

Turning, next, to Polk's claims of ineffective assistance by trial counsel, this court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To establish ineffective assistance of trial counsel, Polk must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address these claims at this juncture.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Polk, in writing, of the right to petition the Supreme Court of the United States for further review. If Polk requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Polk.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5